OPINION
This appeal arises from a judgment of the Court of Common Pleas of Allen County, adjudicating Defendant-Appellant, Kevin B. Kinkle, a sexual predator under R.C. Chapter 2950. For the following reasons, we affirm the judgment of the trial court.
In August, 1995, Appellant pled guilty to one count of attempted rape, one count of kidnapping, and one count of rape. The trial court sentenced Appellant to a minimum total of twenty years and a maximum total of fifty years in prison. Thereafter, while Appellant was incarcerated, the Ohio Department of Rehabilitation and Corrections recommended that the court classify Appellant as a sexual predator. The trial court conducted a hearing on the matter and on May 3, 1999, the court issued a judgment entry adjudicating Appellant a sexual predator. Appellant then filed this timely appeal, asserting one assignment of error for our review:
 Ohio Revised Code Chapter 2950 et seq., as applied to Appellant, is unconstitutional in that it violates Defendant's protections of Section 1, Article 1 of the Ohio Constitution as described in State v. Williams, Lake App. No. 97-L-191, Court of Appeals, 11th District, unreported.
Appellant argues that R.C. Chapter 2950, Ohio's version of Megan's Law, violates the Ohio Constitution because it is an invalid use of the State's police powers due to its unduly oppressive nature, especially in light of the reporting, registration and verification requirements contained in the law. In support of this argument, Appellant cites to the Eleventh District Court of Appeals' decision of State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, discretionary appeal granted (1999), 86 Ohio St.3d 1406, wherein the court found R.C. 2950 unconstitutional on the grounds that it violates Article I, Section I of the Ohio Constitution.
This court has recently addressed this issue and in so doing, we have chosen not to adopt the reasoning contained in theWilliams opinion. In State v. Marker (Sept. 1, 1999), Seneca App. No. 13-99-05, unreported, we upheld the constitutionality of Megan's Law by concluding that it constitutes a valid use of the State's police power and is not an arbitrary or unreasonable infringement upon an offender's privacy rights. Further, in Statev. Joyce (Sept. 2, 1999), Allen App. No. 1-99-31, unreported, this court found the Supreme Court of Ohio's discussion of the constitutional considerations in State v. Cook (1998), 83 Ohio St.3d 404, to be highly persuasive that R.C. 2950 is constitutional in its entirety.
Based upon the foregoing, Appellant's assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
BRYANT, P.J., and HADLEY, J., concur.